# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Jeffrey Porter, | ) |
| | ) |
| Plaintiffs, | ) Case No.: 1:23-cv-14822 |
| | ) |
| v. | ) COMPLAINT |
| City of Chicago | ) FOR VIOLATION OF CIVIL RIGHTS |
| | ) |
| Defendant. | ) **JURY DEMANDED** |
| | ) |

## COMPLAINT

Plaintiff, by and through his attorneys, ED FOX & ASSOCIATES, LTD., files the following complaint:

## JURISDICTION AND VENUE

1. This is an action pursuant to the United States Constitution and The Civil Rights Act 1866, 42 U.S.C. section 1981 and Title VII of the Civil Rights Act, 1991; This court has jurisdiction under 28 U.S.C. §1331 and §1332.

2. Venue is found proper in this judicial district by 28 U.S.C. § 1391.

3. Plaintiff, Jeffrey Porter, filed a charge for discrimination with the EEOC, and brought this lawsuit within the applicable time periods.

## PARTIES

4. Plaintiff, Jeffrey Porter ("Porter") is an African-American male.

5. Plaintiff resides within the jurisdiction of this Court, and has been employed by the Defendant, City of Chicago, on the Fire Department, since December 1, 1998.

6. Plaintiff, as a citizen of the United States of America and Illinois, is entitled to all rights, privileges and immunities guaranteed to all citizens of the United States under the Constitution and Laws of the United States.

1

7. At all times herein mentioned the City of Chicago, was and is believed, a municipal corporation within the state of Illinois. The City of Chicago operates, maintains, supervises and regulates the City of Chicago Fire Department. The City of Chicago is an employer subject to suit under the Federal Civil Rights Acts.

## FACTUAL ALLEGATIONS

8. Plaintiff began his employment with the City of Chicago Fire Department on December 1, 1988. He has always performed his work to his employer's reasonable expectations and has earned various promotions. He is a Fire Captain EMT.

9. Plaintiff applied for the position of Battalion Chief in response to the Defendant's announcement of the availability of the position.

10. Plaintiff timely and appropriately submitted his application, completed the written and oral assessment, and was offered the promotion to Battalion Chief in November 2019.

11. Plaintiff entered the Battalion Chief academy class on December 1, 2019. Plaintiff successfully completed this class on December 12, 2019.

12. On December 16, 2019, the City of Chicago denied Plaintiff's promotion to Battalion Chief without any explanation.

13. The City of Chicago subsequently promoted 4 white Fire Captions to Battalion Chief. These latter persons were similarly situated to the Plaintiff in all material respects.

14. To date, the City of Chicago has refused to promote Plaintiff to the Battalion Chief position despite having promoted the 4 white Fire Captains to Battalion Chief mentioned in the previous paragraph.

15. As a direct and proximate result of said unlawful employment practices and in disregard of the Plaintiff's rights and sensibilities, Plaintiff has lost a promotion and suffered lost

wages, has suffered the indignity of discrimination, which has manifested in emotional distress, has harmed his earning capacity, disrupted his personal life, and caused the loss of enjoyment of the ordinary pleasures of life.

16. The aforementioned acts of the Defendant were reckless, willful, wanton, malicious, oppressive, and in callous disregard to and indifference to Plaintiff. Thus, Plaintiff requests the assessment of punitive damages against the Defendant in a sum as determined according to law and proof.

## COUNT I
### PLAINTIFF AGAINST DEFENDANT FOR DISCRIMINATION AND RETALIATION IN VIOLATION SECTION 1981 OF THE CIVIL RIGHTS ACT

17. Plaintiff re alleges paragraphs one (1) through sixteen (16) as though fully set forth at this place.

18. As described above, Plaintiff is an African-American employee of the Defendant.

19. Despite Plaintiff's qualifications and job performance, as alleged above, he was intentionally discriminated against by Defendant and denied his promotion because of his race, notwithstanding similarly situated white persons who were promoted.

20. Plaintiff was also subject to retaliation for having previously taken protected action.

21. Because of the retaliation, Plaintiff was denied a promotion to Battalion Chief despite the availability of such positions that Plaintiff would be able to perform.

22. Defendant's actions, as described above, are in violation of the Civil Rights Act of 1866, 42 U.S.C. section 1981, in that the City of Chicago acted to discriminate and retaliate against Plaintiff in the terms and conditions of his employment because of his race.

23. As a direct and proximate result of said unlawful employment practices and in disregard of the Plaintiff's rights and sensibilities, Plaintiff has been denied a promotion, suffered lost wages, has suffered the indignity of discrimination, which has manifested in emotional distress, has harmed his earning capacity, disrupted his personal life, and caused the loss of enjoyment of the ordinary pleasures of life.

## COUNT II

### PLAINTIFF AGAINST DEFENDANT FOR DISCRIMINATION AND RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT

24. Plaintiff re alleges paragraphs one (1) through sixteen (16) as though fully set forth at this place.

25. As described above, Plaintiff is an African-American employee of the Defendant.

26. Despite Plaintiff's qualifications and job performance, as alleged above, he was intentionally discriminated against by Defendant and denied his promotion because of his race notwithstanding similarly situated white persons who were promoted.

27. Plaintiff was also subject to retaliation for having previously taken protected action.

28. Because of the retaliation, Plaintiff was denied a promotion to Battalion Chief despite the availability of such positions that Plaintiff would be able to perform.

29. As a direct and proximate result of said unlawful employment practices, and in disregard of the Plaintiff's rights and sensibilities, Plaintiff has been denied a promotion, suffered lost wages, has suffered the indignity of discrimination, which has manifested in emotional distress, has harmed his earning capacity, disrupted his personal life, and caused the loss of enjoyment of the ordinary pleasures of life.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, by and through his attorneys, Ed Fox & Associates, requests the following relief:

1. That the Plaintiff obtain declaratory and injunctive relief, and that the Court declare that Plaintiff should be promoted into a position as a Battalion Chief.

2. That Plaintiff be granted an injunction mandating that Plaintiff be placed into a position as a Battalion Chief.

3. That Plaintiff be granted general and compensatory damages in an amount to be determined at trial;

4. That Plaintiff be granted special damages, including lost wages, in a sum to be ascertained;

5. That Plaintiff be granted punitive damages in an amount to be determined at trial;

6. That the Court grant to Plaintiff his reasonably incurred attorneys' fees, costs, litigation expenses, and pre-judgment interest; and

7. That the Court grant such other and further relief as the Court may deem just or equitable.

Respectfully,

BY: s/ Edward M. Fox
Edward M. Fox
ED FOX & ASSOCIATES, LTD.
Attorneys for Plaintiff
118 N. Clinton St. Suite 425
Chicago, Illinois 60661

(312) 345-8877
efox@efoxlaw.com

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

                BY:    s/ Edward M. Fox
                             Edward M. Fox
                             ED FOX & ASSOCIATES, LTD.
                             Attorneys for Plaintiff
                             118 N. Clinton St, Suite 425
                             Chicago, Illinois 60661
                             (312) 345-8877
                             efox@efoxlaw.com